| | | |
|---|---|---|
| MARSHALL DEWAYNE WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:15-CV-40 |
| | § | |
| WARDEN USP BEAUMONT LOW, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Marshall Dewayne Williams, a federal prisoner currently confined at USP Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds petitioner's objections are without merit. Petitioner argues he is entitled to the appointment of counsel for his parole "revocation" hearing. Petitioner, however, is currently incarcerated at the United States Penitentiary in Beaumont,

Texas.[1]  An independent review of petitioner's case history reveals he was convicted in October of 1984 and sentenced to a term of ninety-nine years' imprisonment pursuant to the judgment of the United States District Court for the Northern District of Texas, Dallas Division.  *United States of America v. Williams*, 3:84-CR-148 (N.D. Tex. (Dallas)); *see also United States of America v. Williams*, 775 F.2d 1295 (5th Cir. 1985).[2]  This court can find no independent verification that petitioner actually is or has been out of prison and subject to a potential revocation of his parole. He is, therefore, not entitled to appointment of counsel.  *See* 18 U.S.C. § 3006A.  While petitioner is presumptively entitled to an attorney at a parole revocation proceeding, none is pending before the court nor in the Eastern District of Texas.

To the extent petitioner is going before the Parole Board for a hearing and seeks the appointment of counsel for representation at that hearing, that request is denied.  This court can find no authority to grant petitioner's request to appoint him counsel under the present circumstances in a petition filed pursuant to 28 U.S.C. § 2241.  Furthermore, petitioner is only entitled to name someone as his representative who can make a statement on petitioner's behalf at the Parole Board hearing, pending approval of the hearing examiner.  28 C.F.R. § 2.13.  He is not entitled to the appointment of an attorney to appear before the Parole Board.  *See Cruz v. Skelton*, 545 F.2d 86, 88-89 (5th Cir. 1976); *see also Estes v. Thaler*, 2011 WL 1427980 (S.D. Tex. Apr. 13, 2011).

---

[1]      http://www.bop.gov/inmateloc/

[2]      Petitioner was convicted of three counts related to the planting of a pipe bomb.  On direct appeal, the Fifth Circuit Court of Appeals affirmed his convictions, but vacated his life sentence and remanded for resentencing on count one.  *United States v. Williams*, 775 F.2d 1295 (5th Cir. 1985).  On remand, the district court sentenced him to 99 years on count one.  Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied.

**ORDER**

Accordingly, the objections of the petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 23rd day of June, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE